# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 03-03011-03-CR-S-MDH** |
| | ) | |
| **ALONZO F. ELLERMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on March 5, 2004 to 360 months imprisonment following a jury trial guilty verdict for possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, downgraded the number of criminal history points a defendant receives when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). In the present case, however, amendments to § 4A1.1(e) do not impact Defendant's criminal history category or the guidelines range, as Defendant's criminal history category and guidelines range were determined by his status as a

1

career offender at the time of sentencing under § 4B1.1(b). (Doc. 211 ¶ 31). Defendant's Motion to Reduce Sentence is, therefore, **DENIED**.

**IT IS SO ORDERED**.

DATED: May 28, 2024                    */s/ Douglas Harpool*
                                       **DOUGLAS HARPOOL**
                                       **UNITED STATES DISTRICT JUDGE**